IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12CR188-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KEVIN JEROME MORRIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Compel Discovery" (document #302) filed October 30, 2012 and "Addenda to Motion to Compel Discovery" (document #304) filed November 2, 2012.

Having fully considered the arguments, the record, and the applicable authority, the Court **GRANTS** Defendant's Motion to file the Addenda (document #304), but finds that the Defendant's "Motion to Compel Discovery" should be **DENIED**, as discussed below.

On May 16, 2012, the Grand Jury returned a Bill of Indictment against Defendant and twenty-seven co-defendants. On October 17, 2012, a Superseding Indictment was returned. The Superseding Indictment charges violations of 18 U.S.C.§ 922(g)(1) (Possession of a Firearm by a Prohibited Person), 18 U.S.C.§ 924(c) (Possess and Carry a Firearm in Furtherance of a Drug Trafficking Offense or Crime of Violence), 18 U.S.C.§ 1951 (Hobbs Act Robbery), 18 U.S.C.§ 1959(a)(5) (Violent Crime in Aid of Racketeering), 18 U.S.C.§ 1962(d) (RICO Conspiracy), 21 U.S.C.§§ 841 and 846 (Possession with Intent to Distribute Controlled Substances and Conspiracy) and 21 U.S.C. §843 (Use of a Communication Facility).

Count One charges that Defendant and others carried out a racketeering conspiracy using the manner and means stated in paragraphs 1 through 33 of the Bill of Indictment, as well as other

1

related acts. Count Two charges that Defendant and numerous co-defendants engaged in a conspiracy to possess with intent to distribute in excess of 280 grams of crack cocaine from in or around January 2009 and continuing until the date of the indictment on October 17, 2012. Count Three charges that Morris and numerous co-defendants utilized communication facilities in furtherance of the crimes alleged in Counts One and Two.

The Court entered a Standard Criminal Discovery Order on May 29, 2012. In that Order, the Court set the dates for disclosure of specific items. In communications with chambers staff, the Government has represented to the Court that it has provided all discovery in compliance with that Order. Based on this representation, the Court will deny Defendant's Motion as moot. Therefore, the Court **DENIES** Defendant's Motion to Compel Discovery (document #302) as moot.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: November 29, 2012

David S. Cayer
United States Magistrate Judge